CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
September 12, 2024
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER A., ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Civil Action No: 7:23-cv-488 |
| v. ) | |
| ) | |
| MARTIN O'MALLEY, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
|    Defendant. ) | |

**OPINION AND ORDER**

This social security disability appeal was referred to the Honorable C. Kailani Memmer, United States Magistrate Judge, for proposed findings of fact and a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge filed a report and recommendation ("R&R") on August 2, 2024, recommending that this court affirm the Commissioner's final decision. Dkt. 14. Plaintiff filed objections to the R&R and this matter is now ripe for consideration. I overrule Plaintiff's objections, adopt the magistrate judge's R&R in its entirety, and affirm the Commissioner's final decision.

I.     BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the R&R.

II.     DISCUSSION

A. Standard of Review

Where, as here, a matter has been referred to a magistrate judge under 28 U.S.C. § 636(b)(1), the court reviews de novo the portions of the report or specified proposed findings or recommendations to which a timely objection has been made. *Elijah v. Dunbar*, 66 F.4th 454,

460 (4th Cir. 2023); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). For an objection to trigger de novo review, an objecting party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478, F.3d 616, 622 (4th Cir. 2007). "If a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only." *Elijah*, 66 F.4th at 460 (citing *Diamond v. Colonial Life & Accident Co.*, 416 F.3d 310, 315 (4th Cir. 2005)). "[O]bjections need not be novel to be sufficiently specific." *Id.* In fact, district courts are "not required to consider new arguments posed in objections to the magistrate's recommendation." *Id.* at n. 3 (citation omitted).

In the absence of objections, the district court reviews the R&R for clear error and is not required to explain its reasoning for adopting the report. *Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)); *Diamond*, 416 F.3d at 315. The district judge may accept, reject, or modify, in whole or in part, the findings and recommendations in the R&R. *Id.*

When reviewing the decision of an ALJ, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted); *see also Biestek*, 139 S. Ct. at 1154 (emphasizing that the standard for substantial evidence "is not high"). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make

credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d at 589). However, a reviewing court should not "reflexively rubber-stamp an ALJ's findings," *Lewis v. Berryhill*, 858 F.3d 858, 870 (4th Cir. 2017).

    B. **Analysis**

    Plaintiff objects to the following aspects of the R&R:

1) The R&R erred by finding that the ALJ engaged in a "robust discussion" of plaintiff's mental health impairments that incorporated both treatment records and plaintiff's testimony.

2) The R&R erred by concluding that the ALJ's assessment of plaintiff's mental impairments did not contain any deficiencies warranting remand.

3) The R&R erred in concluding that the ALJ built an accurate and logical bridge from the evidence to his RFC findings.

4) The R&R ignored the ALJ's failure to properly assess the opinion evidence of record.

5) The R&R erred in concluding that the ALJ's assessment of plaintiff's mental impairments is supported by substantial evidence.

6) The R&R erred in concluding that the ALJ engaged in a sufficient narrative discussion of the evidence as required by SSR 96-8p and that the ALJ's decision contains sufficient information and analysis of plaintiff's ability to perform sustained work activities to allow the Court to undertake meaningful review.

7) The R&R erred in concluding that the ALJ did not err in his assessment of plaintiff's physical impairments and RFC findings.

8) The R&R failed to recognize that the ALJ did not make specific findings regarding whether plaintiff's impairments would cause him to experience episodes of pain necessitating breaks or absences from work and how often these would occur.

9) The R&R erred in concluding that the ALJ's assessment of plaintiff's allegations is supported by substantial evidence because the ALJ's opinion includes a thorough and robust discussion of both plaintiff's medical history and his testimony.

10) The R&R erred in concluding the ALJ's assessment showed he understood plaintiff's limits in completing his activities of daily living.

11) The R&R erred in his assessment of plaintiff's subjective allegations because the ALJ did not consider the extent to which plaintiff performed the daily activities cited by the ALJ and the ALJ did not explain how plaintiff's activities support the ALJ's findings and establish that plaintiff's allegations are not fully supported.

12) The R&R failed to acknowledge that the ALJ applied an incorrect legal standard in discrediting plaintiff's complaints based on the lack of objective evidence corroborating them.

I have conducted a careful de novo review of Plaintiff's objections, the record, the R&R, the arguments of counsel, and the applicable law, and agree with the magistrate judge's recommendation. I find that the magistrate judge applied the proper standard of review, that there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law, and that the ALJ's decision is in accord with relevant case precedent.

### III.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections to the R&R, Dkt. 15, are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation, Dkt. 14, is fully **ACCEPTED** and **ADOPTED**;

3. The decision of the Commissioner is **AFFIRMED**; and

4. A separate final judgment will be entered.

Entered: September 12, 2024

*Robert S. Ballou*

Robert S. Ballou
United States District Judge